## IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| DONALD J. POWELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05C-3239 |
| vs. | ) | |
| | ) | |
| METROPOLITAN HOSPITAL | ) | |
| AUTHORITY; WILLIAM | ) | |
| BACON, M.D.; K. WALKER; and | ) | |
| JANE DOE | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Plaintiff, Donald J. Powell, for his cause of action against the above-named Defendants, states as follows:

1.      Plaintiff Donald J. Powell is a citizen and resident of Bedford County, Tennessee.

2.      Defendant Metropolitan Hospital Authority ("MHA") is a governmental entity as defined by Tenn. Code Ann. § 29-20-102 and is located in Davidson County in the State of Tennessee.

3.      Defendant William Bacon, M.D. is a citizen and resident of Davidson County, Tennessee, is a private practicing physician, and/or is also an agent of Defendant MHA.

4.      Defendant K. Walker is a citizen and resident of Davidson County, Tennessee and is an employee or agent of Defendant MHA and/or Defendant William Bacon, M.D.

5.      Unknown Defendant Jane Doe is a citizen and resident of Davidson County, Tennessee and is an employee or agent of Defendant MHA and/or Defendant William Bacon, M.D.

6.     On or about March 11, 2002 Defendant William Bacon, M.D. performed surgery on the Plaintiff on the premises of Defendant at Metropolitan Nashville General Hospital and was assisted in this surgery by Defendants K. Walker and Jane Doe.

7.     The operation performed on the Plaintiff was an anterior cervical diskectomy and fusion, C3-4, with Allograft and an anterior cervical diskectomy and fusion, C6-7, with Allograft and cervical locking plate.

8.     At all relevant times, Plaintiff was under the care of all Defendants and all Defendants had a duty to exercise due care in their medical treatment of the Plaintiff.

9.     Unbeknownst to the Plaintiff, the Defendants negligently failed to remove a large surgical sponge from Plaintiff's neck after the surgery and the sponge was ultimately sewn up inside of the Plaintiff's body.

10.     At all relevant times, employees of Defendant MHA took part in the surgery on Plaintiff, were responsible for removing the sponge from Plaintiff's body after the surgery, and breached their duty of due care to the Plaintiff by leaving a surgical sponge in his body.

11.     At all relevant times, Defendant William Bacon, M.D. took part in the surgery on Plaintiff, was responsible for removing the sponge from Plaintiff's body after the surgery, and breached his duty of due care to the Plaintiff by leaving a surgical sponge in his body.

12.     At all relevant times, K. Walker took part in the surgery on Plaintiff, was responsible for removing the sponge from Plaintiff's body after the surgery, and breached her duty of due care to the Plaintiff by leaving a surgical sponge in his body.

13.     At all relevant times, Defendant Jane Doe took part in the surgery on Plaintiff, was responsible for removing the sponge from Plaintiff's body after the surgery, and breached her duty of due care to the Plaintiff by leaving a surgical sponge in his body.

14. After the surgery, Plaintiff continued to have intense pain, swelling, irritation, and discomfort to the area of his neck operated on by the Defendants.

15. On November 18, 2004, Dr. Seyed Emadian of Tullahoma, Tennessee treated the Plaintiff, who was complaining of chronic neck pain, and, after reviewing an MRI Scan and a CT Scan of Plaintiff's neck, Dr. Emadian concluded that there may have been a foreign body in Plaintiff's neck.

16. Dr. Emadian again treated Plaintiff on November 24, 2004 and concluded that the foreign object in Plaintiff's neck was most likely a surgical sponge left in his neck during the surgery performed on Plaintiff by the Defendants.

17. On November 29, 2004, Dr. Emadian performed surgery on Plaintiff and removed a large surgical sponge from Plaintiff's neck that was left in Plaintiff's body from the previous surgery.

18. Plaintiff suffered pain and suffering because of the sponge-removal surgery and his recovery and, additionally, incurred medical expenses because of the surgery.

19. As a direct and proximate result of the negligent acts and omissions of the employees of Defendant MHA, Defendant William Bacon, M.D., Defendant K. Walker, and Defendant Jane Doe, Plaintiff has sustained pain and suffering and severe and permanent injuries, requiring permanent, continuous health care and its attendant expense.

WHEREFORE, Plaintiff requests:

a. That the Court find that Defendant MHA is liable to the Defendant under the Tennessee Governmental Tort Liability Act for damages incurred as a result of the negligence of its agents and employees.

b.      That the Court find that the remaining Defendants are liable to the Plaintiff under common-law negligence doctrines.

c.      That the Plaintiff have judgment against the Defendants, jointly and severally, in the amount of $250,000.00.

d.      That a jury be empanelled to hear Plaintiff's common-law claims.

e.      That the Court grant Plaintiff such other and further relief to which he may be entitled.

Respectfully submitted,

H. Thomas Parsons
PARSONS & NICHOLS
101 W. Main Street
Manchester, TN 37355

Joseph S. Bean, Jr. (022018)
101 S. College Street
P.O. Box 370
Winchester, TN 37398

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the above Amended Complaint has been delivered to the following counsel by placing the same in the U.S. Mail postage pre-paid this the 25th day of September, 2006.

Brandy M. Burnette (021853)
HALL, BOOTH, SMITH & SLOVER, PC
611 Commerce Street
The Tower, Suite 3000
Nashville, TN 37203

Attorneys for Defendant William L. Bacon, M.D.


Jennifer Bozeman (019981)
Metropolitan Attorney
204 Metropolitan Courthouse
Nashville, TN 37201

Attorney for Metropolitan Hospital Authority


JOSEPH S. BEAN, JR

F I L E D

2008 MAY 13  PM 4: 13

[_____ ____ ___ ____, CLERK]

JKM _____ D.C.

METROPOLITAN HOSPITAL AUTORITY )
D/B/A NASHVILLE GENERAL HOSPITAL, )
)
        Plaintiff, )
)
v. )
)
THE CINCINNATI INSURANCE )
COMPANY, )
)
        Defendant. )

Docket No. 08C514

Jury Demand

## COMPLAINT

.The Metropolitan Hospital Authority ("MHA") hereby files its Complaint for declaratory

judgment and breach of contract against the Defendant, The Cincinnati Insurance Company:

### I. PARTIES

1.      Plaintiff MHA is a legal entity created pursuant to Tennessee Code Annotated §§

7-57-101, et seq., and Metropolitan Council Substitute Resolution SR99-1410. By virtue of

T.C.A. §§ 7-57-101, et seq.; SR99-1410; and an Intergovernmental Agreement between the

Metropolitan Government of Nashville and Davidson County and MHA (adopted by Ordinance

99-1577 April 26, 1999), the operation and control of Nashville General Hospital ("General

Hospital") was transferred from the Metropolitan Government, Hospitals Division, to MHA.

2.      Defendant The Cincinnati Insurance Company ("Cincinnati Insurance") is a

corporation, incorporated under the laws of the State of Ohio, duly authorized to conduct

insurance business in the State of Tennessee, with its principal place of business in Fairfield,

Ohio. The registered agent for Cincinnati Insurance is Bruce S. Fisher, 6200 South Gilmore

Road, Fairfield, Ohio 45014-5141. Service of process may be effected through the

Commissioner of Commerce and Insurance of the State of Tennessee pursuant to Tennessee Code Annotated § 56-2-504.

## II. FACTUAL ALLEGATIONS

3.      On October 21, 2005, Donald Powell filed suit against Metropolitan Nashville General Hospital ("General Hospital") in the Circuit Court for Davidson County, Tennessee. That matter is assigned to the Third Circuit Court of Davidson County, Tennessee, and is docketed as Case No.05C3239.

4.      On September 25, 2006, Powell amended his Complaint, substituting the Metropolitan Hospital Authority ("MHA") for General Hospital.  The Amended Complaint alleges, among other things, that MHA and its employees, including defendants K. Walker, and unknown nurse Jane Doe provided negligent care to Powell, resulting in injuries to him.

5.      On or about December 24, 2001, Defendant Cincinnati Insurance entered into a contract with Plaintiff to provide insurance coverage for MHA's two hospital entities, General Hospital and Bordeaux Long Term Care.  Pursuant to the insurance policy ("Insurance Policy"), Policy No. CAP 547 31 17, attached hereto as Exhibit A, General Hospital is an additional insured.  This fact was confirmed through contacts between Gary Payne with the Metropolitan Department of Law's Insurance Division and Josh Hoffman, an underwriter for Cincinnati Insurance, on or about November 29, 2007.

6.      The effective coverage period of the Insurance Policy was December 24, 2001 to December 24, 2004, which includes the dates relevant to case number 05C3239, Powell v. Metropolitan Hospital Authority, et al.

7. Cincinnati Insurance possesses a full and complete copy of the Insurance Policy.

8. The Insurance Policy contains a provision by which Cincinnati Insurance agrees to defend and indemnify the insured from claims for damages brought against the insured.

9. MHA provided timely notice to Cincinnati Insurance of case number 05C3239, Powell v. Metropolitan Hospital Authority, et al. Notice was provided in a manner consistent with the Insurance Policy. MHA duly performed all of the conditions of the Insurance Policy that MHA was obligated to perform.

10. Despite receiving proper notice of case number 05C3239, Powell v. Metropolitan Hospital Authority, et al., Defendant Cincinnati Insurance, through its agent, failed to provide MHA the defense to which it is entitled under the policy.

11. MHA, through its counsel, has made a demand for representation and indemnification against Cincinnati Insurance. Cincinnati Insurance has denied MHA's coverage, and refused to defend and indemnify MHA. MHA has followed up regarding its demand on multiple occasions, but has consistently been denied the defense and indemnification to which it is entitled.

### III. COUNT I – DECLARATORY JUDGMENT

12. MHA incorporates paragraphs 1 through 11 as if fully set forth herein.

13. Pursuant to Tennessee Code Annotated §§ 29-14-101, et seq., Plaintiff MHA is entitled to a declaratory judgment against Defendant Cincinnati Insurance.

14. MHA seeks a declaration that, pursuant to the Insurance Policy, Cincinnati Insurance has a duty to defend and indemnify MHA d/b/a General Hospital in case number 05C3239, Powell v. Metropolitan Hospital Authority, et al., proceeding in the Third Circuit Court for Davidson County Circuit Court.

## IV. COUNT II – BREACH OF CONTRACT

15.     MHA incorporates paragraphs 1 through 11 as if fully set forth herein.

16.     MHA d/b/a General Hospital is entitled to a defense and indemnification under the Insurance Policy purchased from Cincinnati Insurance. The Insurance Policy constitutes a contract into which Cincinnati Insurance and MHA d/b/a General Hospital entered.

17.     Cincinnati Insurance has a duty to defend MHA d/b/a General Hospital under the Insurance Policy.

18.     Cincinnati Insurance breached its duty to defend MHA d/b/a General Hospital by refusing to provide MHA a defense in case number 05C3239, Powell v. Metropolitan Hospital Authority, et al.

19.     MHA d/b/a General Hospital has incurred substantial attorneys' fees and costs defending case number 05C3239, Powell v. Metropolitan Hospital Authority, et al. that it otherwise would not have incurred had Cincinnati Insurance agreed to defend MHA. In addition, MHA has incurred attorneys' fees and costs to file the instant lawsuit as a result of Cincinnati Insurance's breach.

20.     Cincinnati Insurance's refusal to indemnify MHA for any settlement or judgment that may be entered in case number 05C3239, Powell v. Metropolitan Hospital Authority, et al. has further interfered with MHA's ability to settle the lawsuit.

## VI. COUNT IV – BAD FAITH REFUSAL TO PAY CLAIM

21.     MHA incorporates paragraphs 1 through 11 as if fully set forth herein.

22.     Cincinnati Insurance has denied and continues to deny MHA's request for coverage under the policy, including indemnification and a right to a defense.

23.    Despite the unambiguous language of the Insurance Policy, Cincinnati Insurance's denial of MHA's demand for defense and indemnification was made in bad faith in violation of T.C.A. § 56-7-105.

28.    MHA has incurred substantial attorneys' fees and costs defending case number 05C3239, <u>Powell v. Metropolitan Hospital Authority, et al.</u> that it otherwise would not have incurred had Cincinnati Insurance provided the defense to which MHA is entitled under the Insurance Policy.  MHA likewise has incurred additional attorneys' fees and costs to file the instant lawsuit as a result of Cincinnati Insurance's breach.


PREMISES CONSIDERED, PLAINTIFF PRAYS:

1.    For a declaratory judgment against Defendant Cincinnati Insurance, declaring that Defendant has a duty to defend Plaintiff MHA in Case No. 05C3239 in the Third Circuit Court for Davidson County, Tennessee, and a duty to indemnify MHA for any damages or settlement resulting therefrom.

2.    For all costs of the defense of litigation of Case No. 05C3239, as well as attorneys' fees incurred by MHA as a result of Cincinnati Insurance's refusal to provide coverage under the Insurance Policy.

3.    For all damages available under T.C.A. § 56-7-105.

4.    For all relief in contract or equity to which the Court deems Plaintiff MHA is entitled.

4.    That all costs of this action be taxed against Defendant Cincinnati Insurance.

5.    That the breach of contract claim be tried by a jury.

6.    For any further relief to which Plaintiff may be entitled.

Respectfully submitted,

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
SUE B. CAIN (#9380), DIRECTOR OF LAW

J. Brooks Fox (# 16096)
Elizabeth A. Sanders (# 23873)
Assistant Metropolitan Attorney
108 Metropolitan Courthouse
P.O. Box 196300
Nashville, TN 37219-6300

6

# PROFESSIONAL LIABILITY POLICIES FOR:

FILED

2008 MAY 13 PM 4: 13

.... ..... ....... CLERK

_____M.H._____ B C.



# EACH NURSE EMPLOYED BY METROPOLITAN NASHVILLE BORDEAUX HOSPITAL AND GENERAL HOSPITAL

Presented By:

Clay T. Jackson, CPCU

**Account Executive:**  Tisa Chapman, CISR

**Customer Service Agent:**  Teresa Minert

**Address:**  4400 Harding, Suite 400

Nashville, TN 37205

**Phone:**  615-292-9000

**Date:**  March 2002

**EXHIBIT**

A

This policy consists of:

- Common Policy Declarations
- Common Policy Conditions
- Summary of Premiums
- One or More Coverage Parts

Each coverage part consists of:

- One or More Coverage Forms
- Conditions Applicable to Each Coverage Part
- Applicable Endorsements

# THE CINCINNATI INSURANCE COMPANY

P.O. BOX 145496, CINCINNATI, OHIO 45250-5496
(513) 870-2000

**A Stock Insurance Company**

NEW
_____
Previous Policy No.

## COMMON POLICY DECLARATIONS

| DECLARATIONS | POLICY NUMBER   CAP 547 31 17 |
|---|---|

**NAMED INSURED** METROPOLITAN NASHVILLE BORDEAUX HOSPITAL
          222 3RD AVENUE NORTH
**ADDRESS**    NASHVILLE, TN 37201
(Number & Street,
Town, County,
State & Zip No.)

**Policy Period:** At 12:01 A.M., STANDARD TIME AT YOUR MAILING ADDRESS SHOWN ABOVE

**All coverages except Automobile and/or Garage**
  Policy number:  CAP 547 31 17          FROM: 12-24-2001   TO: 12-24-2004

**Automobile and/or Garage**
  Policy number:                          FROM:              TO:

**Agency**   COOPER, LOVE & JACKSON 41-018
**City**   NASHVILLE, TN

**Legal Entity/Business Description**
**ASSOCIATION**

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

FORMS APPLICABLE TO ALL COVERAGE PARTS: (show numbers)

| IA102 | 02/01 | IA4109TN | 06/01 | IP404TN | 06/94 | PA522 | 01/92 |
|---|---|---|---|---|---|---|---|

JPD BB6
01-03-2002

Countersigned _____12-24-2001_____ By _____
                    (Date)                    (Authorized Representative)

IN WITNESS WHEREOF, this policy has been signed by our President and Secretary in the City of Fairfield, Ohio, but this policy shall not be binding upon us unless countersigned by an authorized representative of ours. This provision does not apply in Arizona, Virginia and Wisconsin.

Secretary

President

**ORIGINAL**

IA 501 02 01

Page 1 of 2

Case 3:08-cv-00533   Document 1-1   Filed 05/27/08   Page 14 of 26 PageID #: 17

# SUMMARY OF PREMIUMS CHARGED

### THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM CHARGE IS INDICATED

Commercial Property Coverage Part    _____ $ _____

Commercial General Liability Coverage Part    _____ $ _____

Commercial Crime Coverage Part    _____ $ _____

Commercial Umbrella/Excess Liability Coverage Part _____ $ _____

NURSES PROFESSIONAL _____ $ 24,820 _____

_____ $ _____

_____ $ _____

_____ $ _____

_____ $ _____

_____ $ _____

_____ $ _____

_____ $ _____

_____ $ _____

_____ $ _____

_____ $ _____

Installment Charge _____ $ _____

Sub-Total   $ 24,820 _____

Commercial Auto Coverage Part _____ $ _____

Auto Installment Charge _____ $ _____

Annual Total   $ 24,820 _____

## PAYMENTS

| | All Other | + | Auto | | = | Total Installment | |
|---|---|---|---|---|---|---|---|
| | First Installment | Remaining Installment | First Installment | Remaining Installment | | First Installment | Remaining Installment |
| ☐ SEMI-ANNUAL | $ _____ | $ _____ | + $ _____ | $ _____ | = $ _____ | $ _____ | |
| ☐ QUARTERLY | $ _____ | $ _____ | + $ _____ | $ _____ | = $ _____ | $ _____ | |

Automobile Coverages, Employers Liability, Employment Practices Liability Coverage, Professional Liability Coverage and/or Wrongful Acts Coverage, if included in the policy, are subject to Annual Adjustment of rates and premium on each anniversary of the policy.

Commercial Umbrella and Excess Liability, if included in the policy, may be subject to Annual Adjustment of premium on each anniversary. Refer to the Commercial Umbrella or Excess Liability Coverage Part Declarations form to see if this is applicable.

### ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED

IA 102 02 01

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# TENNESSEE CHANGES -
# CANCELLATION AND NONRENEWAL

This endorsement modifies insurance provided under the following:

**COMMERCIAL AUTOMOBILE COVERAGE PART**
**COMMERCIAL CRIME COVERAGE PART\***
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**COMMERCIAL INLAND MARINE COVERAGE PART**
**COMMERCIAL PROPERTY COVERAGE PART**
**COMMERCIAL UMBRELLA LIABILITY COVERAGE PART**
**CONTRACTORS ERRORS AND OMISSIONS COVERAGE PART**
**CONTRACTORS' LIMITED POLLUTION LIABILITY COVERAGE PART**
**EMPLOYEE BENEFIT LIABILITY COVERAGE PART**
**EMPLOYMENT PRACTICES LIABILITY COVERAGE PART**
**EXCESS LIABILITY COVERAGE PART**
**EXCESS WORKERS COMPENSATION AND EMPLOYERS LIABILITY COVERAGE PART**
**GOLF COURSE CHEMICAL APPLICATION LIMITED LIABILITY COVERAGE PART**
**HOLE-IN-ONE COVERAGE PART**
**LIQUOR LIABILITY COVERAGE PART**
**MACHINERY AND EQUIPMENT COVERAGE PART**
**POLLUTION LIABILITY COVERAGE PART**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**
**PROFESSIONAL LIABILITY COVERAGE PART**
**PROFESSIONAL UMBRELLA LIABILITY COVERAGE PART**

*This endorsement does not apply to coverage provided for employee dishonesty (Coverage Form A) or public employee dishonesty (Coverage Forms O and P).

**A.** Paragraph 5. of the **Cancellation** Common Policy Condition is replaced by the following:

    **5.** If this policy is cancelled, we will send the first Named Insured any premium refund due.

        The refund will be pro rata if:

        **a.** We cancel; or

        **b.** The policy is cancelled at the request of a premium finance company that has financed this policy under a premium finance agreement.

        The refund may be less than pro rata if the first Named Insured cancels the policy.

        The cancellation will be effective even if we have not made or offered a refund.

**B.** The following is added to the **Cancellation** Common Policy Condition:

**CANCELLATION OF POLICIES IN EFFECT FOR 60 DAYS OR MORE**

If this policy has been in effect for 60 days or more, or if this policy is a renewal of a policy we issued, we may cancel this policy only for one or more of the following reasons:

**1.** Nonpayment of premium, including any additional premium, calculated in accordance with our current rating manual, justified by a physical change in the insured property or a change in its occupancy or use;

**2.** Your conviction of a crime increasing any hazard insured against;

**3.** Discovery of fraud or material misrepresentation on the part of either of the following:

    **a.** You or your representative in obtaining this insurance; or

    **b.** You in pursuing a claim under this policy;

**4.** Failure to comply with written loss control recommendations;

**5.** Material change in the risk which increases the risk of loss after we issued or renewed insurance coverage;

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Includes copyrighted material of ISO Commercial Risk Services, Inc., with its permission.

IA 4109 TN 06 01

Page 1 of 2

# IMPORTANT INFORMATION TO POLICYHOLDERS
## TENNESSEE

In the event you need to contact someone about this policy for any reason please contact your agent. If you have additional questions, you may contact the insurance company issuing this policy at the following address and telephone number.

The Cincinnati Insurance Company
P.O. Box 145496
Cincinnati, Ohio 45250-5496
Telephone (513) 870-2278

The Cincinnati Life Insurance Company
P.O. Box 145496
Cincinnati, Ohio 45250-5496
Telephone (513) 870-2278

The Cincinnati Casualty Company
P.O. Box 145496
Cincinnati, Ohio 45250-5496
Telephone (513) 870-2278

The Cincinnati Indemnity Company
P.O. Box 145496
Cincinnati, Ohio 45250-5496
Telephone (513) 870-2278

**IP 404 TN (6/94)**

# THE CINCINNATI INSURANCE COMPANY

### P.O. BOX 145496, CINCINNATI, OHIO 45250-5496

## NURSE'S PROFESSIONAL LIABILITY
## COVERAGE PART DECLARATIONS

Attached to and forming part of POLICY NUMBER: **CAP 547 31 17**    Effective date: **12-24-2001**

Named Insured: **IS THE SAME AS IT APPEARS ON THE COMMON POLICY DECLARATION**

Item  Location (address)
    **REFER TO IA501**

The Insured is engaged in practice as a ☐ Nurse (RN), ☐ Licensed Practical Nurse, or ☒ Student Nurse and is duly registered and licensed to practice their profession under the laws of all jurisdictions in which they practice.

Limits of Insurance

$    **1,000,000**    each medical incident
$    **3,000,000**    aggregate limit

| CLASSIFICATION | CODE | ADVANCE PREMIUM |
|---|---|---|
| **NURSES-STUDENT** | **28000** | **$ INCL** |

FORMS AND/OR ENDORSEMENTS APPLICABLE TO THIS COVERAGE PART:

**PA122    07/87**

PA 522 01 92

# NURSE'S PROFESSIONAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and what is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Nurse's Professional Liability Declarations. The words "we," "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II—WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION V—DEFINITIONS.

## SECTION I—COVERAGES

1. **Insuring Agreement.**

   a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of injury to which this insurance applies caused by a "medical incident" in the practice of the insured's profession as a nurse including service by the insured as a member of a formal accreditation, standards review or similar professional board or committee. This insurance applies only to a "medical incident" which occurs during the policy period. The "medical incident" must take place in the "coverage territory." We will have the right and duty to defend any "suit" seeking those damages. But:

      (1) The amount we will pay for damages is limited as described in SECTION III—LIMITS OF INSURANCE;

      (2) We may investigate and settle any claim or "suit" at our discretion; and

      (3) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgements or settlements under coverage provided by this form.

2. **Exclusions.**

   This Insurance does not apply to:

   a. Acts, errors or omissions of any insured that are dishonest, criminal or malicious.

   b. "Damages" for which the insured may be held liable as a proprietor, superintendent, executive officer, stockholder or member of the board of directors, trustees or governors of any hospital, sanitarium, clinic with bed and board facilities, nursing home, laboratory or other business enterprise.

## SUPPLEMENTARY PAYMENTS

We will pay with respect to any claim or "suit" we defend:

1. All expenses we incur;

2. All reasonable expenses incurred by the insured at our request, including actual loss of earnings up to $100 a day because of time off from work.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4. All costs taxed against the insured in the "suit."

5. Prejudgement interest awarded against the insured on that part of the judgement we pay. If we make an offer to pay the applicable limit of insurance, we will not pay for any prejudgement interest based on that period of time after the offer.

6. All interest on the full amount of any judgement that accrues after entry of the judgement and before we have paid, offered to pay, or deposited in court the part of the judgement that is within the applicable limit of insurance.

   These payments will not reduce the limits of insurance.

## SECTION II—WHO IS AN INSURED

1. Each of the following is an insured:

   a. Each individual designated in the Nurse's Professional Liability Declarations is an insured.

   b. Your legal representative, if you die, but only with respect to their duties as such. That representative will have all your rights and duties under this Coverage Part.

## SECTION III—LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Nurse's Professional Liability Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Claims made or "suits" brought; or

   b. Persons or organizations making claims or bringing "suits."

2. The Aggregate Limit is the most we will pay for damages for all claims or "suits" to which this insurance applies.

3. The Each Medical Incident Limit is the most we will pay for "damages" arising out of any one claim or "suit."

If this Coverage Part is in effect for a period of more than one year, the limits apply separately to each consecutive annual period, and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Nurse's Professional Liability Declarations. But if the policy period is extended for less than 12 months, the extended period will be deemed to be part of the last preceding period for purposes of determining the Limits of Insurance.

Case 3:08-cv-00533   Document 1-1   Filed 05/27/08   Page 19 of 26 PageID #: 22

2. "Suit" includes an arbitration proceeding to which you must submit with our consent.

3. "Medical Incident" means any act or omission in the furnishing of professional nursing services by the insured or any person acting under the insured's personal direction, control or supervision. Any such act or omission together with all related acts or omissons in the furnishing of such services to any one person shall be considered one medical incident.

4. "Damages" means all damages, including damages for death, which are payable because of injury to which the policy applies.

Case 3:08-cv-00533   Document 1-1   Filed 05/27/08   Page 20 of 26 PageID #: 23

# THE CINCINNATI INSURANCE COMPANY

### P.O. BOX 145496, CINCINNATI, OHIO 45250-5496

## NURSE'S PROFESSIONAL LIABILITY
## COVERAGE PART DECLARATIONS

Attached to and forming part of POLICY NUMBER: **CAP 547 31 17**    Effective date: **12-24-2001**

Named Insured: **IS THE SAME AS IT APPEARS ON THE COMMON POLICY DECLARATION**

Item  Location (address)
**REFER TO IA501**

The insured is engaged in practice as a  [X] Nurse (RN), [ ] Licensed Practical Nurse, or [ ] Student Nurse and is duly registered and licensed to practice their profession under the laws of all jurisdictions in which they practice.

Limits of Insurance

$  **1,000,000**    each medical incident
$  **3,000,000**    aggregate limit

| CLASSIFICATION | CODE | ADVANCE PREMIUM |
|---|---|---|
| **NURSES-RNs** | **80964** | **$ INCL** |

FORMS AND/OR ENDORSEMENTS APPLICABLE TO THIS COVERAGE PART:

**PA122    07/87**

PA 522 01 92

# NURSE'S PROFESSIONAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and what is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Nurse's Professional Liability Declarations. The words "we," "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II--WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION V--DEFINITIONS.

## SECTION I--COVERAGES

1. **Insuring Agreement.**

   a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of injury to which this insurance applies caused by a "medical incident" in the practice of the insured's profession as a nurse including service by the insured as a member of a formal accreditation, standards review or similar professional board or committee. This insurance applies only to a "medical incident" which occurs during the policy period. The "medical incident" must take place in the "coverage territory." We will have the right and duty to defend any "suit" seeking those damages. But:

      (1) The amount we will pay for damages is limited as described in SECTION III--LIMITS OF INSURANCE;

      (2) We may investigate and settle any claim or "suit" at our discretion; and

      (3) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgements or settlements under coverage provided by this form.

2. **Exclusions.**

   This insurance does not apply to:

   a. Acts, errors or omissions of any insured that are dishonest, criminal or malicious.

   b. "Damages" for which the insured may be held liable as a proprietor, superintendent, executive officer, stockholder or member of the board of directors, trustees or governors of any hospital, sanitarium, clinic with bed and board facilities, nursing home, laboratory or other business enterprise.

## SUPPLEMENTARY PAYMENTS

We will pay with respect to any claim or "suit" we defend:

1. All expenses we incur;

2. All reasonable expenses incurred by the insured at our request, including actual loss of earnings up to $100 a day because of time off from work.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4. All costs taxed against the insured in the "suit."

5. Prejudgement interest awarded against the insured on that part of the judgement we pay. If we make an offer to pay the applicable limit of insurance, we will not pay for any prejudgement interest based on that period of time after the offer.

6. All interest on the full amount of any judgement that accrues after entry of the judgement and before we have paid, offered to pay, or deposited in court the part of the judgement that is within the applicable limit of insurance.

   These payments will not reduce the limits of insurance.

## SECTION II--WHO IS AN INSURED

1. Each of the following is an insured:

   a. Each individual designated in the Nurse's Professional Liability Declarations is an insured.

   b. Your legal representative, if you die, but only with respect to their duties as such. That representative will have all your rights and duties under this Coverage Part.

## SECTION III--LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Nurse's Professional Liability Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Claims made or "suits" brought; or

   b. Persons or organizations making claims or bringing "suits."

2. The Aggregate Limit is the most we will pay for damages for all claims or "suits" to which this insurance applies.

3. The Each Medical Incident Limit is the most we will pay for "damages" arising out of any one claim or "suit."

If this Coverage Part is in effect for a period of more than one year, the limits apply separately to each consecutive annual period, and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Nurse's Professional Liability Declarations. But if the policy period is extended for less than 12 months, the extended period will be deemed to be part of the last preceding period for purposes of determining the Limits of Insurance.

Case 3:08-cv-00533   Document 1-1   Filed 05/27/08   Page 22 of 26 PageID #: 25

2. "Suit" includes an arbitration proceeding to which you must submit with our consent.

3. "Medical incident" means any act or omission in the furnishing of professional nursing services by the insured or any person acting under the insured's personal direction, control or supervision. Any such act or omission to-gether with all related acts or omissons in the furnishing of such services to any one person shall be considered one medical incident.

4. "Damages" means all damages, including damages for death, which are payable because of injury to which the policy applies.

Case 3:08-cv-00533   Document 1-1   Filed 05/27/08   Page 23 of 26 PageID #: 26

# THE CINCINNATI INSURANCE COMPANY

### P.O. BOX 145496, CINCINNATI, OHIO 45250-5496

## NURSE'S PROFESSIONAL LIABILITY
## COVERAGE PART DECLARATIONS

Attached to and forming part of POLICY NUMBER: **CAP 547 31 17**   Effective date: **12-24-2001**

Named insured:   **IS THE SAME AS IT APPEARS ON THE COMMON POLICY DECLARATION**

Item   Location (address)
   **REFER TO IA501**

The Insured is engaged in practice as a ☐ Nurse (RN), ☒ Licensed Practical Nurse, or ☐ Student Nurse and is duly registered and licensed to practice their profession under the laws of all jurisdictions in which they practice.

Limits of Insurance

$ **1,000,000**   each medical incident
$ **1,000,000**   aggregate limit

| CLASSIFICATION | CODE | ADVANCE PREMIUM |
|---|---|---|
| **NURSES-LPNs** | **80963** | **$ INCL** |

FORMS AND/OR ENDORSEMENTS APPLICABLE TO THIS COVERAGE PART:

**PA122   07/87**

PA 522 01 92

# NURSE'S PROFESSIONAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and what is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Nurse's Professional Liability Declarations. The words "we," "us" and "our" refer to the Company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section II--WHO IS AN INSURED.

Other words and phrases that appear in quotation marks have special meaning. Refer to SECTION V--DEFINITIONS.

## SECTION I--COVERAGES

1. **Insuring Agreement.**

   a. We will pay those sums that the insured becomes legally obligated to pay as "damages" because of injury to which this insurance applies caused by a "medical incident" in the practice of the insured's profession as a nurse including service by the insured as a member of a formal accreditation, standards review or similar professional board or committee. This insurance applies only to a "medical incident" which occurs during the policy period. The "medical incident" must take place in the "coverage territory." We will have the right and duty to defend any "suit" seeking those damages. But:

      (1) The amount we will pay for damages is limited as described in SECTION III--LIMITS OF INSURANCE;

      (2) We may investigate and settle any claim or "suit" at our discretion; and

      (3) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgements or settlements under coverage provided by this form.

2. **Exclusions.**

   This insurance does not apply to:

   a. Acts, errors or omissions of any insured that are dishonest, criminal or malicious.

   b. "Damages" for which the insured may be held liable as a proprietor, superintendent, executive officer, stockholder or member of the board of directors, trustees or governors of any hospital, sanitarium, clinic with bed and board facilities, nursing home, laboratory or other business enterprise.

## SUPPLEMENTARY PAYMENTS

We will pay with respect to any claim or "suit" we defend:

1. All expenses we incur;

2. All reasonable expenses incurred by the insured at our request, including actual loss of earnings up to $100 a day because of time off from work.

3. The cost of bonds to release attachments, but only for bond amounts within the applicable limit of insurance. We do not have to furnish these bonds.

4. All costs taxed against the insured in the "suit."

5. Prejudgement interest awarded against the insured on that part of the judgement we pay. If we make an offer to pay the applicable limit of insurance, we will not pay for any prejudgement interest based on that period of time after the offer.

6. All interest on the full amount of any judgement that accrues after entry of the judgement and before we have paid, offered to pay, or deposited in court the part of the judgement that is within the applicable limit of insurance.

   These payments will not reduce the limits of insurance.

## SECTION II--WHO IS AN INSURED

1. Each of the following is an insured:

   a. Each individual designated in the Nurse's Professional Liability Declarations is an insured.

   b. Your legal representative, if you die, but only with respect to their duties as such. That representative will have all your rights and duties under this Coverage Part.

## SECTION III--LIMITS OF INSURANCE

1. The Limits of Insurance shown in the Nurse's Professional Liability Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Claims made or "suits" brought; or

   b. Persons or organizations making claims or bringing "suits."

2. The Aggregate Limit is the most we will pay for damages for all claims or "suits" to which this insurance applies.

3. The Each Medical Incident Limit is the most we will pay for "damages" arising out of any one claim or "suit."

If this Coverage Part is in effect for a period of more than one year, the limits apply separately to each consecutive annual period, and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Nurse's Professional Liability Declarations. But if the policy period is extended for less than 12 months, the extended period will be deemed to be part of the last preceding period for purposes of determining the Limits of Insurance.

Case 3:08-cv-00533   Document 1-1   Filed 05/27/08   Page 25 of 26 PageID #: 28

2. "Suit" includes an arbitration proceeding to which you must submit with our consent.

3. "Medical incident" means any act or omission in the furnishing of professional nursing services by the Insured or any person acting under the Insured's personal direction, control or supervision. Any such act or omission together with all related acts or omissons in the furnishing of such services to any one person shall be considered one medical incident.

4. "Damages" means all damages, including damages for death, which are payable because of injury to which the policy applies.

Case 3:08-cv-00533   Document 1-1   Filed 05/27/08   Page 26 of 26 PageID #: 29